UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORENZO SHOY,

                    Petitioner,

          -against-

ANTHONY ANNUCCI, ACTING DOCCS
COMMISSIONER,

                    Respondent.

22-CV-0084 (LTS)

ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* petition under 28 U.S.C. § 2254, challenging his 2017 conviction in the New York Supreme Court, Bronx County. On January 20, 2022, Petitioner filed an amended petition, together with an application to proceed *in forma pauperis* (IFP).

By order dated January 20, 2022, the Court granted Petitioner's request to proceed IFP. The Court directs Petitioner to file a declaration, within sixty days of the date of this order, showing cause why the amended petition should not be denied as time barred.

## DISCUSSION

### A.    Applicable Statute of Limitations

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 generally must file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that, on August 2, 2017, he was convicted in the New York Supreme Court, Bronx County. Court records indicate that on December 26, 2019, the New York Supreme Court Appellate Division, First Department, affirmed the conviction, *People v Shoy*, 115 N.Y.S.3d 289 (2019), and on April 15, 2020, the New York Court of Appeals denied leave to appeal, *People v. Shoy*, 35 N.Y.3d 974 (2020). Petitioner's judgment of conviction consequently became final on July 15, 2020, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). One year later, on July 15, 2021, the limitations period in section 2244(d)(1) expired.

Petitioner's original application is dated "December 2021," and the Court assumes that he placed the application in the prison mail collection box on the same day that he signed it. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). The application is therefore deemed filed in December 2021, which is approximately six months after the limitations period expired on July 15, 2021.

Under the *habeas* statute, when postconviction motions are filed before expiration of the statute of limitations, such motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the one-year limitations period expires, however, do not start the limitations period anew. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Here, Petitioner does not allege that he filed any postconviction motions in the New York state courts before the one-year limitations period expired on July 15, 2021, and he thus has not shown any basis for tolling under section 2244(d)(2).

2

**B.     Leave to File Declaration**

The Court therefore directs Petitioner to file a declaration, within sixty days of the date of this order, stating why this application should not be dismissed as time barred. Petitioner should list the following in his declaration: (1) the dates on which he filed any postconviction state court applications and motions in which he challenged this conviction, including any application for error coram nobis relief, all motions under N.Y. Crim. Proc. Law § 440, and any other postconviction collateral applications and motions; (2) the dates on which the state courts issued decisions as to any of those applications or motions; (3) the dates on which he filed any appeals or applications for leave to appeal from those decisions; (4) the dates on which the state courts issued decisions on those appeals or applications; and (5) the dates on which he received notice of any state court decisions on those applications and appeals.

In addition, Petitioner should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

Petitioner is directed to file a declaration, within sixty days of the date of this order, showing why the petition should not be dismissed as time barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, or if the declaration is insufficient to demonstrate that the petition was timely filed, the Court will deny the petition as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

 Dated:    January 31, 2022
           New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

_____
Signature

_____
Name

_____
Prison Identification # (if incarcerated)

_____
Address                     City          State      Zip Code

_____
Telephone Number (if available)

_____
E-mail Address (if available)