UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORENZO SHOY,<br><br>                       Petitioner,<br><br>        -against-<br><br>ANTHONY ANNUCCI, ACTING DOCCS COMMISSIONER,<br><br>                       Respondent. | 22-CV-0084 (LTS)<br><br>ORDER TO SHOW CAUSE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Petitioner, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* petition under 28 U.S.C. § 2254, challenging his 2017 conviction in the New York Supreme Court, Bronx County.[1] Because the petition appeared to be untimely, on January 31, 2022, the Court directed Petitioner to file a declaration showing cause why the petition should not be denied as time barred.

       On March 18, 2022, a law librarian at Sing Sing Correctional Facility submitted a letter regarding closures at the facility's law library from December 28, 2021, to January 14, 2022. (ECF 7). For the reasons set forth below, the Court extends for 30 days from the date of this order the time for Petitioner file a declaration showing cause why the petition should not be denied as time barred.

## DISCUSSION

**A.    Applicable Statute of Limitations**

       A prisoner seeking *habeas* relief under § 2254 generally must file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes

---

[1] On January 20, 2022, Petitioner filed an amended petition.

final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

Petitioner alleges that he was convicted in the New York Supreme Court, Bronx County, on August 2, 2017. Court records indicate that on December 26, 2019, the New York Supreme Court Appellate Division, First Department, affirmed the conviction, *People v Shoy*, 115 N.Y.S.3d 289 (2019), and on April 15, 2020, the New York Court of Appeals denied leave to appeal, *People v. Shoy*, 35 N.Y.3d 974 (2020). A conviction generally becomes final following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States," *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000), and the Court noted in its prior order that Petitioner's judgment of conviction became final on July 15, 2020.

Due to the Covid-19 pandemic, however, the U.S. Supreme Court temporarily extended the time to petition for *certiorari*, from 90 days to 150 days for any case where the petition was due on or after March 19, 2020.[2] Petitioner's petition for a writ of *certiorari* to the U.S. Supreme Court was due within this period, and his judgment of conviction therefore became final on September 13, 2020, 150 days after the Court of Appeals denied leave on April 15, 2020. One year later, on September 13, 2021, the limitations period in section 2244(d)(1)(A) for filing a section 2254 petition expired.

---

[2] The March 19, 2020, miscellaneous order states that, "the deadline to file any petition for a writ of *certiorari* due on or after the date of this order is extended to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing." 589 U.S. ___ (Mar. 19, 2020). On July 19, 2021, the Supreme Court rescinded the extension for any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued on or after July 19, 2021. 594 U.S. ___ (July 19, 2021).

Petitioner's original application is dated "December 2021," and the Court assumes that he placed that application in the prison mail collection box on the same day that he signed it. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). The application is therefore deemed filed in December 2021. Even after considering the U.S. Supreme Court's extended deadline for filing a *certiorari* petition, the original December 2021 petition still appears to have been late because it was filed several months after the September 13, 2021 deadline.

The law librarian's letter indicates that Petitioner did not have access to the law library from December 28, 2021, through January 14, 2022. This does not assist Petitioner in demonstrating that the original petition was timely because, by December 28, 2021, when he was denied access to the law library, his petition was already late.[3]

As set forth in the Court's prior order, Petitioner can establish tolling of the limitations period in two ways. First, statutory tolling may be available under 28 U.S.C. § 2244(d)(2), if a postconviction motion was properly filed in state court before expiration (on September 13, 2021) of the statute of limitations in section 2244(d)(1)(A).[4] Second, equitable tolling may be

---

[3] There may also be questions about whether the amended petition, filed January 20, 2022, relates back to the original December 2021 petition. *Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010) (explaining that an amended petition relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B)). If the amended petition does not relate back to the filing date of the original application, the law librarian's letter may be relevant to tolling of the period between the filing of the original and amended petition.

[4] Petitioner should list in his declaration the dates on which: (1) he filed any postconviction state court applications and motions in which he challenged this conviction; (2) the state courts issued decisions as to any of those applications or motions; (3) he filed any appeals or applications for leave to appeal from those decisions; (4) the state courts issued decisions on those appeals or applications; and (5) he received notice of any state court decisions on those applications and appeals.

available if Petitioner can show that he was pursuing his rights diligently but some extraordinary circumstance prevented him from submitting the petition, see *Holland v. Florida*, 560 U.S. 631, 649 (2010), on or before September 13, 2021. The Court therefore extends, for 30 days from the date of this order, the time for Petitioner to file a declaration stating why the petition should not be dismissed as time barred.

## CONCLUSION

Petitioner is directed to file a declaration, within 30 days of the date of this order, showing why the petition should not be dismissed as time barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, or if the declaration is insufficient to demonstrate that the petition was timely filed, the Court will deny the petition as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated: April 4, 2022
       New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|

Page 2